1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                        NORTHERN DISTRICT OF CALIFORNIA
9
10   TRENT JASON,                               Case No.  25-cv-02894-RS
                    Plaintiff,
11
          v.
12                                              ORDER GRANTING MOTION TO
                                                DISMISS
13   KIM TURNER, et al.,
                    Defendants.
14

15                                **I. INTRODUCTION**

16        In a complaint spanning nearly 400 pages, Plaintiff Trent Jason has sued Defendant Kim

17   Turner, Executive Officer of California's Mendocino County Court, as well as the entire

18   California Judiciary, averring violations of 42 U.S.C. § 1983 and the Fourteenth Amendment.

19   Defendant Turner now moves to dismiss the complaint for lack of subject matter jurisdiction

20   under the Eleventh Amendment and for failure to state a claim.  For the reasons explained below,

21   the motion is granted.

22                                 **II. BACKGROUND**

23        On November 27, 2023, Plaintiff was named as a defendant in a state court civil

24   harassment restraining order case filed under docket entry *Clark v. Jason*, Superior Court case

25   number 23-cv-1139.  Compl., Dkt. No. 1, at 12–13.  After a hearing on December 26, 2023, the

26   petition was dismissed.  *Id.* at 16.

27        According to Plaintiff's complaint, Defendant Kim Turner, as the Mendocino County clerk, is

28   the "sole person who had the legal capacity to add or delete court files" and who has the "sole

1    access to enter into the Mendocino County Court case search index portal." *Id.*  Plaintiff claims

2    that Turner improperly altered the cover of the *Clark v. Jason* case information page by inserting

3    the word "judgment" despite no judgment having been entered; he also claims she refused to

4    expunge the case records and blocked the minutes of the hearing from public view. *Id.*[1]  If a

5    person attempts to view the minutes of the December 2023 hearing, Plaintiff avers that the

6    following message appears: "An issue occurred when attempting to retrieve the document.  If the

7    issue continues to occur, please visit the Notification page for more information and support

8    options." *Id.*  Plaintiff thus claims that anyone reading the register of actions would believe that

9    there is a judgment against him. *Id.* at 4.

10        Turner's alleged conduct is, in Plaintiff's view, a retaliation—he purportedly provided

11   Turner with a 55-page statement detailing "wrongful conduct" by a different judge while that

12   judge was in private practice. *Id.* at 16.  Turner also allegedly retaliated against him because

13   Plaintiff complained to the California Commission on Judicial Performance about judges that

14   Turner had assigned to preside over his cases. *Id.* at 17.  The complaint further avers that Turner

15   improperly hires and retains unqualified court employees with alleged criminal backgrounds, *see,*

16   *e.g.*, *id.* at 18–23.

17        In addition to the allegations against Turner, Plaintiff levies a raft of allegations against

18   "California Judiciary," which he identifies as a "State of California government entity" located at

19   the address for the Judicial Council's Governmental Affairs Office. *Id.* at 2.  In his view, the

20   Judiciary has "ratified" unlawful conduct by judges by "fail[ing] to sufficiently sanction these

21   persons." *Id.* at 3.

22   _____

23        [1] Later in the complaint, at page 30, Plaintiff avers that Turner told him in a June 2024
     letter that the case file in question "will remain in the court's public index unless you take further
24   action to seal the record.  Absent such sealing order, the case will remain available to the public."
     Plaintiff avers that attempting to seal the record is fruitless, however, because "each and all of the
25   Mendocino County Superior Judges that have presided in matters where Plaintiff was a party to a
     civil action, had knowingly and intentionally violated the statutory scheme and ignored the
26   published opinions of the California Court[.]" *Id.* at 31.

27

28                                                    ORDER GRANTING MOTION TO DISMISS
                                                      CASE NO.  25-cv-02894-RS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    As relief, Plaintiff seeks the following: a court-ordered injunction that would make this

2    court the supervisor of the Mendocino and Shasta County Superior Courts; $300,000 in

3    compensatory damages from Turner and $4.7 million in compensatory damages from the

4    California Judiciary; and punitive damages of at least $10 million.

5    Defendant Turner now moves to dismiss the complaint, which has not been served on

6    Defendant California Judiciary.  *See* Dkt. No. 9 (showing only service on Turner).  She argues that

7    subject matter jurisdiction is lacking in this case and that the complaint fails to state a claim.

8                                    **III. LEGAL STANDARD**

9    Federal courts have limited jurisdiction.  A cause presumably lies outside this limited

10   jurisdiction, and the party asserting jurisdiction (i.e., Plaintiff) bears the burden to establish the

11   contrary.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations

12   omitted).  Further, in a motion to dismiss for lack of subject matter jurisdiction under Rule

13   12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

14   disputed material facts will not preclude the trial court from evaluating for itself the merits of

15   jurisdictional claims." *Thornhill Pub. Co., Inc. v. General Tel. & Electrics, Corp.*, 594 F.2d 730,

16   733 (9th Cir.1979) (internal quotation marks and citations omitted).

17                                    **IV. DISCUSSION**

18   Plaintiff's complaint fails to survive Defendant's motion to dismiss on jurisdictional

19   grounds.  In suing the "California Judiciary", he appears to seek damages and injunctive relief

20   against a state's instrumentalities and/or agencies—precisely what the Eleventh Amendment and

21   the doctrine of sovereign immunity prohibit.  *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th

22   Cir. 1995) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422–23 (9th Cir. 1991)). "It is well

23   established that agencies of the state are immune under the Eleventh Amendment from private

24   damages or suits for injunctive relief brought in federal court." *Sato v. Orange Cnty. Dep't of

25   Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (citation omitted).  "[T]he California Superior Court and

26   its judges are State actors." *Alexis v. Cnty. of Los Angeles*, 698 F. App'x 345, 346 (9th Cir. 2017)

27   (citing *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987),

     *superseded by statute on other grounds*).  Because the Eleventh Amendment immunizes the

28

ORDER GRANTING MOTION TO DISMISS
CASE NO.  25-cv-02894-RS

United States District Court
Northern District of California

Superior Court and other state agencies (such as the California Judicial Council's Governmental Affairs Office, which appears to be the agency Plaintiff means to identify), this court lacks the subject matter jurisdiction necessary to hear Plaintiff's claims against the "California Judiciary".

To be sure, a sovereign state may waive its immunity, but litigants asserting jurisdiction bear the burden to demonstrate a clear waiver, *Baker v. United States*, 817 F.2d 560, 562 (9th Cir.1987), and Plaintiff does not do so here. Nor can he. "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (internal quotation marks and citation omitted); *see also A. K. L. v. Moreno Valley Unified Sch. Dist.*, No. 18-cv-430-JGB, 2021 WL 4352368, at *7 (C.D. Cal. Apr. 1, 2021) (noting that Section 1983 claims against a California school district are foreclosed by the Eleventh Amendment).

To the extent Plaintiff sues Defendant Turner in her official capacity as a state court clerk, the same immunity that protects the judiciary also protects her. Claims against state officers in their official capacity are "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[A]s when the State itself is named as the defendant, a suit against state officials that in fact is a suit against the State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) (citation omitted).

The *Ex parte Young* doctrine is no help either, as it does not extend to state court clerks such as Turner. That doctrine "allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (discussing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). As the Supreme Court explained in *Whole Woman's Health*:

> [T]his traditional exception does not normally permit federal courts to issue injunctions against state-court judges or clerks. Usually, those individuals do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties. If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an ex ante injunction preventing the state court from hearing cases. As *Ex parte Young*

ORDER GRANTING MOTION TO DISMISS
CASE NO. 25-cv-02894-RS

put it, "an injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our Government."

*Id.* (citing *Ex parte Young*, 209 U.S. at 163).  Moreover, Turner enjoys quasi-judicial immunity as a government official performing judicial acts.  Just as judges are immune from civil suits arising out of the exercise of their judicial functions, so too are court clerks "when they perform tasks that are an integral part of the judicial process."  *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (1987).  The acts alleged here—labelling a docket, hiring court staff, assigning judges—are integral parts of the judicial process.  "A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity."  *Darulis v. City of San Diego*, No. 07-cv-2170-LAB-LSP, 2008 WL1345984, at *2 (S.D. Cal., Apr. 9, 2008) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir.1997)).  "Immunity is afforded for activities, such as giving notice, that are 'inexorably connected with . . . and are analogous to judicial action invoke absolute immunity. . . Thus, not only the actual decision . . . but also activities that are part and parcel of the decision process justify absolute immunity." *Id.* (citing *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir.1996) (citations omitted)).  That an activity is routine or requires no adjudicatory skill does not render it any less of a judicial function.  *Id.*  Turner therefore enjoys immunity, and the complaint must be dismissed.

## V. CONCLUSION

Pursuant to the Eleventh Amendment and the related doctrine of sovereign immunity, subject matter jurisdiction is not present in this case.  The "California Judiciary" is not a legal entity, and the entity at the address that Plaintiff identifies is an agency of the state immune from suit.  Immunity also applies to Turner as explained *supra*.  The complaint is therefore dismissed, without leave to amend.[2]

---

[2] In addition to the jurisdictional problems, Plaintiff's meandering and overlong complaint flunks Rule 8(a)'s requirement that a complaint set forth a "short and plain" statement of a claim. Moreover, even if the court had jurisdiction, the factual averments in the complaint appear to be insufficient to state a claim.  Given the lack of jurisdiction, however, the court does not address Defendant's arguments under Rule 12(b)(6).

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2    **IT IS SO ORDERED**.

3

4    Dated: June 5, 2025

5                                         _____

6                                         RICHARD SEEBORG
                                          Chief United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28